On November 26, 1948, plaintiff filed this suit against defendant for a balance of $452.39, allegedly due on a note for $546.49, signed by defendant, dated May 10, 1943 and payable June 9, 1943. The defendant filed a plea of vagueness in answer to which plaintiff filed a supplemental petition setting forth in detail eight credits given on the note between May 21, 1943 and July 29, 1943 and a final credit of $10 dated November 29, 1943.
Defendant then filed a plea of prescription of five years under Article 3540 of the Civil Code of Louisiana, denying that any payments had been made by him on the note or that any credits had been authorized.
After a trial on the issues thus tendered, the District Court rendered judgment sustaining the plea of prescription and the case is before us on plaintiff's appeal from that judgment.
On the trial of the plea, defendant admitted signing the note, stating that it was for equipment he bought from plaintiff, which plaintiff company had later moved out of his shop and resold.
An officer of plaintiff company testified that the note was credited on May 21, 1943 for $4, being a cash payment made by an employee of the plaintiff company for work done by defendant and paid to plaintiff as a convenience to both parties; that a credit on May 31, 1943 of $19.67 represented a credit balance on the operating account of defendant, which account was, at his direction, liquidated by entering this amount as a credit on the note. He further testified that cash payments were made by defendant as follows: June 3, 1943, $6.50; June 21, 1943, $10; June 24, 1943, $5.33; July 8, 1943, $27.45; July 17, 1943, $6.15; July 29, 1943, $5.00 and November 29, 1943, $10.
In support of this testimony plaintiff offered in evidence original receipts issued by it on printed forms and covering all of the above items except the May 31st one representing the closing out of defendant's account; and also a photostatic copy of a check for $10 payable to plaintiff, signed by defendant and dated November 29, 1943 (the date of the last of the above listed credits).
The defendant testified that no payments were made by him on the note at any time and that the $10 check and the other amounts set up as credits on the note represented cash paid for parts purchased by him or money received by him for checks cashed by him at the office of the plaintiff company.
There is a complete variance and a direct conflict in the testimony of defendant and the principal witness for plaintiff. Since the note was prescribed upon its face and the defendant denied making the payments shown on the back of the note and described in plaintiff's supplemental petition, the burden rested upon plaintiff to establish these credits by a preponderance of the evidence. The District Court after hearing the testimony, sustained defendant's plea of prescription. Our careful study of the record shows that, while the case is a close one, the District Court had ample foundation for its ruling. Under these circumstances, it is our duty to sustain his decision.
The judgment is affirmed, with costs. *Page 708